Klingensmith, J.
Gary Tillman appeals a court order granting the State’s motion for involuntary admission, alleging that the trial court violated his due process rights by involuntarily committing him without requiring a for *308 mal examination by a committee, and by failing to conduct an evidentiary hearing. We agree, and reverse.
Tillman was initially charged with grand theft, possession of drug paraphernalia, and driving without a valid driver’s license. After he was adjudged incompetent to proceed due to an intellectual disability, his case was transferred to felony mental health court where he was placed on conditional release and ordered to reside in a group home.
The trial court later found that Tillman was not restorable to competency, prompting Tillman to request dismissal of his charges pursuant to section 916.303, Florida Statutes (2014), for incompetency due to intellectual disability. He asserted that section 916.303 required the dismissal of the charges because there was no reasonable belief that he could be restored to competency within a specific time frame.
The State petitioned to have Tillman involuntarily committed to the Agency for Persons with Disabilities (“APD”), and placed in a group home with 24-hour supervision pursuant to section 916.303(2) and section 916.3025, Florida Statutes (2014). The State also requested the appointment of an examining committee to determine whether Tillman met the criteria for involuntary admission to residential services pursuant to section 393.11, Florida Statutes (2014), and section 916.303(2).
The court entered an order appointing an examining committee, and directed that committee to examine Tillman and prepare a written report explicitly documenting, among a number of factors, the extent to which he met the criteria for involuntary admission to residential services.
After Tillman’s refusal to cooperate delayed the completion of the evaluation, the attorney representing APD advised the court that it could commit Tillman without an examination by an examining committee, arguing that section 916.303 did not require an examining committee be appointed, and noting a physician appointed by APD, Dr. Zeigler, had already recommended continued commitment. Counsel for Tillman countered that such a commitment would amount to a denial of his due process rights since no evaluation was ever conducted by an examining committee, and no evidentiary hearing was conducted on the issue of his continued commitment. While the State conceded that the examining committee had not yet evaluated Tillman, it agreed to continue the matter to allow Tillman’s counsel to cross-examine Dr. Zeigler at an evidentiary hearing. Instead, the court issued a capias for Tillman’s arrest and a written order of commitment. That order relied upon Dr. Zeigler’s report, finding that Tillman met the criteria for involuntary admission to residential services, that there was a substantial likelihood that he will injure another person, and that all available less restrictive alternatives were inappropriate. The order went on to state that based upon Dr. Zeigler’s report and recommendation, the least restrictive and most appropriate residential placement for Tillman was a secure residential setting with 24-hour supervision. This appeal followed.
Section 393,11(1) provides, in pertinent part:
If a person has an intellectual disability and requires involuntary admission to residential services provided by the agency, the circuit court of the county in which the person resides has jurisdiction to conduct a hearing and enter an order involuntarily admitting the person in order for the person to receive the care, treatment, habilitation, and rehabilitation that the person needs.
§ 393.11(1), Fla. Stat. (2014). Involuntary admission to residential services can be *309 initiated by either a petition filed by a petitioning commission under section 393.11(2), or by a motion ñled by APD, the state attorney, or by counsel for the person needing services. § 916.303(2), Fla. Stat. Section 916.303(2) states:
(2) If the charges are dismissed and if the defendant is considered to lack sufficient capacity to give express and informed consent to a voluntary application for services and lacks the basic survival and self-care skills to provide for his or her well-being or is likely to physically injure himself or herself or others if allowed to remain at liberty, the agency, the state attorney, or the defendant’s attorney shall apply to the committing court to involuntarily admit the defendant to residential services pursuant to s. 393.11.
§ 916.303(2), Fla. Stat. (2014). Section 916.303(3) provides, in pertinent part:
(3) If the defendant is considered to need involuntary residential services for reasons described in subsection (2) and, further, there is a substantial likelihood that the defendant will injure another person or continues to present a danger of escape, and all available less restrictive alternatives ... have been judged to be inappropriate, the agency, the state attorney, or the defendant’s counsel may request the committing court to continue the defendant’s placement in a secure facility pursuant to this part.
§ 916.303(3), Fla. Stat. (2014).
Upon receiving such a petition or motion, the circuit court is required by statute to appoint an examining committee comprised of “at least three disinterested experts who have demonstrated to the court an expertise in the diagnosis, evaluation, and treatment of persons who have intellectual disabilities.” § 393.11(5)(b), Fla. Stat. After examining the person being considered for involuntary admission, the committee must file a written report with the court “explicitly document[ing] the extent that the person meets the criteria for involuntary admission.” § 393.11(5)(e), Fla. Stat. Once the committee’s written report is filed, a hearing for involuntary admission must be conducted pursuant to section 393.11(7), which specifies:
(a) The hearing for involuntary admission shall be conducted, and the order shall be entered, in the county in which the petition is filed. The hearing shall be conducted in a physical setting not likely to be injurious to the person’s condition.
(b) A hearing on the petition must be held as soon as practicable after the petition is filed, but reasonable delay for the purpose of investigation, discovery, or procuring counsel or witnesses shall be granted.
(c) The court may appoint a general or special magistrate to preside. Except as otherwise specified, the magistrate’s proceeding shall be governed by the Florida Rules of Civil Procedure.
(d) The person who has the intellectual disability must be physically present throughout the entire proceeding. If the person’s attorney believes that the person’s presence at the hearing is not in his or her best interest, the person’s presence may be waived once the court has seen the person and the hearing has commenced.
(e) The person has the right to present evidence and to cross-examine all witnesses and other evidence alleging the appropriateness of the person’s admission to residential care. Other relevant and material evidence regarding the appropriateness of the person’s admission to residential services; the most appropriate, least restrictive residential placement; and the appropriate care, treatment, and habilitation of the per *310 son, including written or oral reports, may be introduced at the hearing by any interested person.
(f) The petitioning commission may be represented by counsel at the hearing. The petitioning commission shall have the right to call witnesses, present evidence, cross-examine witnesses, and present argument on behalf of the petitioning commission.
(g) All evidence shall be presented according to chapter 90. The burden of proof shall be on the party alleging the appropriateness of the person’s admission to residential services. The burden of proof shall be by clear and convincing evidence.
(h) All stages of each proceeding shall be stenographically reported.
§ 393.11(7), Fla. Stat. (2014).
An order of involuntary admission to residential services may be entered provided the circuit court finds, based upon the evidence presented at the hearing, that:
1. The person is intellectually disabled or autistic;
2. Placement in a residential setting is the least restrictive and most appropriate alternative to meet the person’s needs; and
3. Because of the person’s degree of intellectual disability or autism, the person:
a. Lacks sufficient capacity to give express and informed consent to a voluntary application for services pursuant to s. 393.065 and lacks basic survival and self-care skills to such a degree that •close supervision and habilitation in a residential setting is necessary and, if not provided, would result in a real and present threat of substantial harm to the person’s well-being; or
b. Is likely to physically injure others if allowed to remain at liberty.
§ 393.11(8)(b), Fla. Stat. (2014).
Based on our review of the record, the examining committee did not evaluate Tillman or submit a report as required by Florida statutes. Further, the trial court did not conduct an evidentiary hearing pursuant to section 393.11(7) before issuing its order of commitment. For these reasons, we reverse the trial court’s order of commitment and remand for further proceedings consistent with this opinion.

Reversed and remanded for further proceedings.

Taylor and Forst, JJ., concur.